IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SEAN PATRICK REILLY,

      Petitioner,

v.                                      CASE NO. 4:12-cv-122-RH-GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 1, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Petition stems from Petitioner's Bay County conviction of one misdemeanor count of violating a domestic violence/dating injunction. Petitioner contends that the charging information was unconstitutionally vague and that the state's dating-violence statutory scheme is unconstitutional.  Doc. 1.

This is Petitioner's second habeas corpus petition challenging the same conviction.  *See Reilly v. Campbell*, 4:10-cv-310-SPM-GRJ (N.D. Fla. 9/12/11).  In the previous case, the Court granted Respondent's motion to dismiss and dismissed the Petition with prejudice for lack of jurisdiction.  The Court found that the sentence challenged by Petitioner had been fully served on the date it was imposed by the state court in January 2010, and therefore that Petitioner was not "in custody" for purposes of invoking this Court's habeas jurisdiction when the petition was filed.  *See id*. Docs. 43, 46.  The Court denied Petitioner a certificate of appealability, and his COA request to the Court of Appeals remains pending.  *Id*. at Doc. 60.

In order to file a second or successive § 2254 petition, the Petitioner must first

obtain an order from the court of appeals authorizing the district court to consider it. 28 U.S.C. § 2244(b)(3)(A); Rule 9, Rules Governing Section 2254 Cases in the United States District Courts.  Absent authorization, the district court lacks jurisdiction to consider a second or successive petition.  *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir.2003) (addressing a successive motion to vacate under 28 U.S.C. § 2255).

The dismissal of the prior § 2254 petition for lack of jurisdiction because Petitioner did not, as a matter of law, satisfy the "in custody" prerequisite to federal habeas jurisdiction should be considered a determination on the merits for purposes of the bar on filing a second or successive petition without leave of the Court of Appeals. *See Sinclair v. Blackburn*, 599 F.2d 673, 675 (5ᵗʰ Cir. 1979).  Petitioner's claims in the instant Petition provide no basis for concluding that he could now satisfy the "in custody" requirement as to the challenged conviction and sentence.  Petitioner has not been granted leave by the Eleventh Circuit to file a second or successive habeas corpus petition, and thus this Court lacks the authority to entertain Petitioner's claims.

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

*Case No: 4:12-cv-122-RH-GRJ*

Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Doc. 1, be **DISMISSED** for lack of jurisdiction, and that a COA be **DENIED.**

**IN CHAMBERS** this 22nd day of March 2012.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**