IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


SEAN PATRICK REILLY,

    Petitioner,

v.                                 CASE NO. 4:12cv122-RH/GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

    Respondent.

_____/


**ORDER DENYING THE PETITION AND
DENYING A CERTIFICATE OF APPEALABILITY**


    This petition for a writ of habeas corpus under 28 U.S.C. § 2254 is before the court on the magistrate judge's report and recommendation, ECF No. 4 and the objections, ECF No. 5. I have reviewed *de novo* the issues raised by the objections. The report and recommendation is correct and is adopted as the court's opinion.

    As correctly set out in the report and recommendation, this is a second petition challenging the same state-court conviction. This court lacks jurisdiction to consider a second or successive petition unless its filing has been authorized by

the Court of Appeals.  28 U.S.C. § 2244(b)(3).  This filing has not been so authorized.

Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits).  As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' "

*Slack*, 529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4).  Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The petitioner has not made the required showing.

For these reasons,

IT IS ORDERED:

1. The report and recommendation is ACCEPTED.

2. The clerk must enter judgment stating, "The petition is dismissed for lack of jurisdiction."

3. A certificate of appealability is DENIED.

4. The clerk must close the file.

SO ORDERED on April 9, 2012.

>s/Robert L. Hinkle
>United States District Judge